**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Barragan, et al., | No. CV-25-02252-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| DI Overnite LLC, et al., | |
| Defendants. | |

Plaintiffs worked as drivers for defendants DI Overnite, LLC, and Golden Gate Logistics LLC, both "last-mile delivery compan[ies]." (Doc. 1 at 6-7.) Defendants Christopher Ugarte and Lorez Ugarte are the owners of Golden Gate Logistics. (Doc. 1 at 7.) Plaintiffs filed this suit for unpaid wages against DI Overnite, Golden Gates Logistics, and the Ugartes.

Plaintiffs claim to have successfully served DI Overnite and Golden Gate Logistics. (Doc. 6, 7.) But plaintiffs have not been able to serve the Ugartes. Plaintiffs' process server made five attempts to serve the Ugartes at their home. (Doc. 8-1 at 3.) On two dates the process server heard movement inside, but no one answered the door. On two different dates the process server noticed lights on inside, but no one answered. And on one date the process server noticed there was mail addressed to the Ugartes but no one answered. (Doc. 8-1 at 3.) Having made five unsuccessful attempts, plaintiffs request permission to complete service via regular and certified mail.

Federal Rule of Civil Procedure 4(e)(1) permits service by following state law

1  "where the district court is located or where service is made[.]" In Arizona, if a party shows
2  that service by ordinary means is "impracticable," the court may allow service by another
3  manner. Ariz. R. Civ. P. 4.1(k)(1). The impracticable standard "does not mean impossible,
4  but rather that service would be extremely difficult or inconvenient." *Bank of N.Y. Mellon*
5  *v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (simplified).

6  　　　　Five unsuccessful attempts at service, when there were individuals present at least
7  twice, establish regular service would be "extremely difficult or inconvenient." *Id.* The
8  process server saw mail addressed to the Ugartes at the location, indicating mail to that
9  address will provide notice of this suit.

10 　　　　Accordingly,

11 　　　　**IT IS ORDERED** the Motion for Alternative Service (Doc. 8) is **GRANTED**.
12 Plaintiffs may serve Defendants Christopher Ugarte and Jane Doe Ugarte (now known to
13 be Lorez Ugarte) via US Mail and Certified Mail to defendants at 6377 N. Provence Rd.,
14 San Gabriel, CA 91775.

15 　　　　**IT IS FURTHER ORDERED** plaintiffs shall complete service and file proof of
16 service within **fourteen days** of this order. In the event neither Christopher Ugarte nor
17 Lorez Ugarte responds to the complaint, plaintiffs shall apply for entry of default against
18 each defendant within **ten days** of the Ugartes' response deadline expiring. Plaintiffs shall
19 file for default judgment within **ten days** of the defaults being entered.

20 　　　　Dated this 26th day of September, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge