**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Barragan, et al., | No. CV-25-02252-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| DI Overnite LLC, et al., | |
| Defendants. | |

Plaintiffs are fifteen individuals who worked as delivery drivers for defendants DI Overnite LLC and Golden Gate Logistics LLC. Plaintiffs filed this suit against those companies and their owners, defendants Christopher Ugarte and Lorez Ugarte, to recover unpaid wages. (Docs. 1, 18.) The companies were served through traditional methods and plaintiffs obtained permission to complete alternative services on the Ugartes. (Docs. 6, 7, 9, 10, 11.) Despite being served, no defendant responded to the complaint, their defaults were entered, and plaintiffs now seek default judgment. (Docs. 13, 20.)

The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

**1. Possibility of Prejudice**

The first factor regarding the possibility of prejudice to plaintiffs supports entry of default judgment because if "default judgment is not granted, plaintiffs will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**2. Merits of the Claims and Sufficiency of the Complaint**

The second and third factors require assessing the merits of plaintiffs' claims and the sufficiency of their complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

DI Overnite is "a last-mile delivery company that contracts with other last-mile delivery companies to perform last-mile delivery services on their behalf." (Doc. 18 at 6.) Golden Gate Logistics also is "a last-mile delivery company." (Doc. 18 at 7.) Plaintiffs allege DI Overnite and Golden Gate Logistics "comprise a 'vertical joint employment' relationship under the [Fair Labor Standards Act]." (Doc. 18 at 9.) That relationship was structured so that DI Overnite "hired and contracted for Plaintiffs to work for them as last-mile delivery drivers through [Golden Gate Logistics]." (Doc. 18 at 9.) In other words, Golden Gate Logistics hired plaintiffs "to perform the work [solicited] by [DI Overnite]." (Doc. 18 at 9.) The Ugartes own Golden Gate Logistics. (Doc. 18 at 7.)

Plaintiffs were classified as independent contractors but they "were actually employees" based on the amount of control exercised over their work by defendants. (Doc. 18 at 24-25.) Each plaintiff worked for different spans of time and "was compensated at a rate of approximately $2.75 per package delivered, regardless of the number of hours [he or she] worked in a given workweek." (Doc. 18 at 12.) Each plaintiff worked more than 40 hours per week. (Doc. 18 at 12.) Defendants stopped paying any wages "from approximately March 2025 through the end of their respective employments." (Doc. 18 at 25.) Plaintiffs allege claims for unpaid wages under state and federal law.

The complaint contains sufficient factual allegations, accepted as true, to state wage claims under federal and state law. The second and third default judgment factors support entry of default judgment.

**3. Amount in Controversy**

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). When a large sum is at stake, this factor may weigh against default judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014).

Plaintiff seeks to recover $179,045 in damages. (Doc. 20 at 30.) Although sizeable, that amount is allocated to each plaintiff based on the wages owed and the additions permitted by law. The amount therefore is proportional to the harm caused by defendants' conduct and this factor supports entry of default judgment

**4. Dispute Over Material Facts**

The fifth factor is whether there are any disputes over material facts. Defendants' decision not to respond to the complaint means there are no such disputes. This factor supports entry of default judgment.

**5. Excusable Neglect**

Defendants were served but chose not to participate. There is no indication defendants' behavior is due to excusable neglect. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion."). This factor supports entry of default judgment.

**6. Policy Favoring Decisions on the Merits**

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not

dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (simplified).

**7. Default Judgment is Merited**

Viewed together, the seven factors establish default judgment is appropriate. The final issue is the appropriate amount of damages.

**8. Damages**

It is plaintiffs' burden to prove the amount of their damages. *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). The motion for default judgment provides calculations for the amounts owed to each plaintiff. The manner of calculating the amount owed is the same for each plaintiff, but the totals differ based on the amount of unpaid hours each plaintiff attests to in his or her declaration. Using plaintiff Rene Barragan as an example, he worked for defendants from about January 1, 2025, through about May 31, 2025, for a total of 21 workweeks. He worked approximately 50 hours per week. That means he worked approximately 210 overtime hours (10 hours * 21 weeks), but never received any overtime pay. He also was not paid anything for his final eight workweeks.

Based on these dates and hours worked, for his final eight weeks Barragan claims he is owed $5,880 ($14.70 * 400) in Arizona minimum wages. He is also owed $1,543.50 ($7.35 * 210) in overtime wages for the entire time he worked for defendants.[1] Arizona law provides that Barragan's $5,880 in unpaid minimum wages should be trebled to $17,640. A.R.S. § 23-364(G). Federal law provides the $1,543.50 in unpaid overtime wages should be doubled to $3,087. 29 U.S.C. § 207(a). This results in Barragan seeking a total award of $20,727. These damages can be assessed against all defendants because each defendant qualified as an employer under the relevant statutes. A.R.S. § 23-364; 29 U.S.C. § 216(b).

Based on this method of calculation and plaintiffs' declarations, judgment is appropriate in the amounts they seek.

---

[1] The federal minimum wage is lower so it can be ignored. In addition, plaintiffs do not have records of the number of packages they delivered that would allow them to calculate their true regular rate of pay. Based on the lack of records, plaintiffs state they use Arizona's 2025 minimum wage as their regular rate of pay. (Doc. 20 at 5.)

Accordingly,

**IT IS ORDERED** the Motion for Default Judgment (Doc. 20) is **GRANTED**. The Clerk of Court shall enter a judgment in favor of plaintiffs and against DI Overnite LLC, Golden Gate Logistics LLC, Christopher Ugarte, and Lorez Ugarte in the amount of $178,779. Each defendant is jointly and severally liable for the full amount. The judgment is allocated to each plaintiff as follows:

Rene Barragan: $20,727;

Antonio Caballero Recio: $8,232;

Douglas Baker: $8,232;

John Mendoza: $11,025;

Juan Carlos Rodriguez Romero: $10,437;

Zachary Garner: $10,437;

Fred Brame: $13,965;

Nikos Young: $1,617;

Jacob Rogers: $10,437;

Sabrina Eisenberg: $7,731;

Louie Ybarra: $15,141;

Alfredo Morales: $23,520;

Roman Alejandro Velazquez Oceguera: $15,141;

Daniel Cabriales: $9,936;

Adrian Ojeda Lorenzo: $12,201.

The Clerk of Court shall close this case.

Dated this 6th day of May, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 5 -